UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SONNY DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 3:17-CV-004 JD |
| GREG SHEWARD, | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

Sonny Davis, a pro se prisoner, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Davis alleges he was diagnosed with a gluten allergy and placed on a gluten-free diet in 2014. Greg Sheward is the general manager for Aramark, the food service provider at the Westville Correctional Facility. Davis alleges that since June 2015, Sheward has not served him gluten-free meals even though he personally knew that Davis had a gluten allergy. As a result, Davis has eaten the gluten in his meals because he did not have access to any other food. As a result of his allergic reaction to the gluten, he has had open wounds and contracted MRSA three times.

Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* The subjective prong asks whether the defendant was deliberately indifferent. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

For these reasons, the court:

(1) **GRANTS** Sonny Davis leave to proceed against Greg Sheward in his official capacity as for injunctive relief to obtain a gluten-free diet and in his individual capacity for compensatory and punitive damages for serving him gluten from June 2015 to present in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Aramark General Manager Greg Sheward with a copy of this order and the amended complaint (ECF 5) as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Aramark General Manager Greg Sheward respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May 24, 2017

                                                    /s/ JON E. DEGUILIO
                                       Judge
                                       United States District Judge