UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SONNY M. DAVIS,

    Plaintiff,

    v.      CAUSE NO.: 3:17-CV-004-JD-MGG

GREG SHEWARD, DR. LIAW, MARK
SEVIER, and JASON ENGLISH,

    Defendants.

## OPINION AND ORDER

Sonny Davis, a prisoner without a lawyer, filed a third amended complaint. This complaint attempts to add a new defendant while clarifying and modifying claims against the other three defendants. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Davis alleges he was diagnosed with a gluten allergy and placed on a gluten-free diet in 2014. Greg Sheward is the general manager for Aramark, the food service provider at the Westville Correctional Facility. Davis alleges that from June 15, 2015, until July 14, 2015, Sheward served him gluten even though Sheward personally knew he had a medically prescribed gluten-free diet. He also alleges Sheward served him insufficient quantities of spoiled food from July 14, 2015, until January 2016. Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* The subjective prong asks whether the defendant was deliberately indifferent. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Here, the allegations against Greg Sheward state a claim for violating the Eighth Amendment.[1]

---

[1] Davis also alleges Sheward continued to deny him adequate food in retaliation for his complaining about not getting adequate food. However it would be redundant to allow him to proceed on a retaliation claim in addition to his Eighth Amendment claim. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of Williams's substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim.); *Conyers v. Abitz*, 416 F.3d 580, (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and

Davis alleges Dr. Liaw cancelled his medically prescribed gluten-free diet and was deliberately indifferent to the treatment of his pain and open wounds from January to October 2016. For medical professionals to be held liable for deliberate indifference to a serious medical need, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, these allegations state a claim against Dr. Liaw for violating the Eighth Amendment.[2]

Davis alleges Warden Mark Sevier actively cooperated with Sheward and Dr. Liaw to insure he did not receive adequate food from any source between June 15, 2015, and October 2016. Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Therefore these allegations state a claim against Warden Mark Sevier for violating the Eighth Amendment. Davis also alleges Sevier prevented him from buying food from the commissary between April 17, 2015, and June 15, 2015; as well as between October 2016 and September 2017. However, Davis does not allege he was receiving inadequate food from the prison kitchen during those dates. Therefore, these allegations about being denied access to commissary do not independently state a claim. Davis further alleges Sevier retaliated against him by having guards take all of his belongings on April 20, 2018, because he filed lawsuits. "To establish a First

---

*Graham v. Connor*, 490 U.S. 386, 395 (1989) (Analyzing allegations under the most "explicit source[s] of constitutional protection.").

[2] Davis also alleges Dr. Liaw denied him medical treatment in retaliation for filing complaints. However this claim is redundant. *See* footnote 1.

Amendment retaliation claim, the plaintiff must establish that he engaged in protected First Amendment activity, suffered a deprivation that would likely deter future First Amendment activity, and the First Amendment activity was a motivating factor in the defendant's decision to take the retaliatory action." *Walker v. Groot*, 867 F.3d 799, 803 (7th Cir. 2017). Here, these allegations state a claim for retaliation.

Finally, Davis alleges Jason English denied him a medically prescribed gluten free diet from March 30, 2018, to April 7, 2018. Though this is what Sheward is alleged to have done nearly three years earlier, these events in 2018 are unrelated. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Therefore Jason English will be dismissed without prejudice so Davis can file suit against him in a separate lawsuit.

For these reasons, the court:

(1) GRANTS Sonny Davis leave to proceed against Greg Sheward in his individual capacity for compensatory and punitive damages for denying him a gluten-free diet from June 15, 2015, until July 14, 2015, and for serving him insufficient quantities of spoiled food from July 14, 2015, until January 2016 in violation of the Eighth Amendment;

(2) GRANTS Sonny Davis leave to proceed against Dr. Liaw in his individual capacity for cancelling his medically prescribed gluten-free diet and being deliberately indifferent to the treatment of his pain and open wounds from January to October 2016 in violation of the Eighth Amendment;

(3) GRANTS Sonny Davis leave to proceed against Mark Sevier in his individual capacity for compensatory and punitive damages for denying him adequate food from any source between June 15, 2015, and October 2016 in violation of the Eighth Amendment;

(4) GRANTS Sonny Davis leave to proceed against Mark Sevier in his individual capacity for compensatory and punitive damages for retaliating against him for filing lawsuits by having guards take all of his belongings on April 20, 2018, in violation of the First Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Jason English; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Greg Sheward, Mark Sevier, and Dr. Liaw to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 23, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT