UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SONNY M. DAVIS,

    Plaintiff,

    v.    CAUSE NO: 3:17-CV-4-JD-MGG

GREG SHEWARD and DR. LIAW,

    Defendants.

OPINION AND ORDER

Sonny M. Davis, a prisoner without a lawyer, filed a motion to reconsider the court's ruling on the summary judgment motion filed by Dr. Liaw.[1] ECF 194. Before the summary judgment order, Davis was proceeding "against Dr. Liaw in his individual capacity for . . . being deliberately indifferent to the treatment of his pain and open wounds from January to October 2016 in violation of the Eighth Amendment . . .."[2] ECF 47 at 4. In the summary judgment order, the court limited the time for this claim to January 2016 to April 21, 2016. ECF 191. Davis argues the court was wrong to have dismissed that portion of his claim against Dr. Liaw for being deliberately indifferent to the treatment of his pain and open wounds from April 22, 2016, to October 2016.

---

[1] The court's order also ruled on a summary judgment motion filed by Greg Sheward, but the motion to reconsider is limited to that portion of the order ruling on the summary judgment motion filed by Dr. Liaw. *See* ECF 191

[2] Davis was also proceeding against Dr. Liaw for cancelling his medically prescribed gluten-free diet. That claim was dismissed when the court granted summary judgment, but Davis is not challenging that portion of the ruling.

Davis focuses on his gluten allergy as the reason for his open sores. Though gluten is a relevant part of this case, the question before the court is whether Dr. Liaw was deliberately indifferent to the treatment of his pain and open wounds. For medical professionals to be held liable for deliberate indifference to a serious medical need, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Davis argues that because he told Dr. Liaw he was allergic to gluten, Dr. Liaw was deliberately indifferent for not prescribing him a gluten-free diet. He argues Dr. Liaw should not have relied on the January 1, 2016, RAST gluten sensitivity test which showed he did not have a gluten allergy because a more sensitive test for gluten allergies later showed he was allergic to gluten. However, he has provided no evidence to demonstrate that relying on the RAST test was outside the scope of accepted professional judgment. Since Dr. Liaw had test results showing Davis did not have a gluten allergy, it was not deliberately indifferent for him to have preliminary ruled out a gluten allergy even though he later ordered the more sensitive test.

In this motion, Davis acknowledges Dr. Liaw treated his open wounds beginning April 22, 2016, but now for the first time argues Dr. Liaw did not adequately treat the pain those wounds caused him. However, arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration." *King v. Ford Motor*

2

*Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017). Therefore this argument has been waived. Nevertheless, even if it were considered, Davis has provided no explanation as to how his pain was improperly treated. Decisively, he has provided no evidence showing Dr. Liaw's treatment of his pain was outside the scope of accepted professional judgment.

For these reasons, the motion to reconsider (ECF 194) is DENIED.

SO ORDERED on April 9, 2021.

s/ JON E. DEGUILIO<br>
CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT